NATIVE AMERICANS FOR ENOLA, Cascade Geographic Society, Friends of Enola Hill, and Rip Lone Wolf, Plaintiffs,

v.

UNITED STATES FOREST SERVICE, Defendant,

and

Caffall Bros. Forest Products, Inc., and Ray Schoppert Logging, Inc., Defendants/Intervenors.

Civ. No. 92–1534–JE.

United States District Court, D. Oregon.

Sept. 1, 1993.

Gary K. Kahn, Peggy Hennessy, Portland, OR, for plaintiffs.

Jack C. Wong, U.S. Atty., D. Oregon, Thomas C. Lee, Asst. U.S. Atty., Larry A. Brown, Sp. Asst. U.S. Atty., Val J. McLam Black, Sp. Asst. U.S. Atty., U.S. Dist. Atty., Portland, OR, for defendants.

## OPINION

JELDERKS, United States Magistrate Judge:

Plaintiffs Native Americans for Enola, Cascade Geographic Society, Friends of Enola Hill, and Rip Lone Wolf bring this action challenging the decision of the United States Forest Service (Forest Service) to issue a permit allowing a logging company to haul logs on certain Forest Service roads. Caffall Brothers Forest Products, Inc. (Caffall Brothers) and Ray Schoppert Logging, Inc. (Schoppert) have intervened as defendants. The Forest Service and plaintiffs have filed cross motions for summary judgment. I grant the Forest Service's motion, and deny plaintiffs' motion.

### BACKGROUND

Enola Hill is an approximately 1½ mile long ridge at the base of Zig Zag Mountain. It is located on the Zig Zag District of the Mt. Hood National Forest. During the fall of 1992, defendant-intervenor Caffall Brothers purchased the right to harvest timber on privately-owned land on Enola Hill. This parcel is completely surrounded by Forest Service land and accessible only by Forest Service roads.

On November 9, 1992, Schoppert, which had a contract with Caffall Brothers to cut and haul the timber, applied to the Forest Service for a permit to haul logs from Enola Hill over a 1.2 mile section of Forest Service roads. Jeff Jaqua, a Cultural Resource Technician, reported on November 13, 1992, that the proposed use under the permit would not affect cultural resources. Jack Cameron, District Ranger of the Zig Zag District, concluded that the permit request could be "categorically excluded from documentation in an environmental impact statement (EIS) or environmental assessment (EA)." The Ranger concluded that "a review of previously completed reports and current

conditions show cultural resources associated with the road segments indicates this proposed use of the road would have minimal potential impact to cultural resources." The Forest Service issued a road use permit to Schoppert on November 25, 1992.

Ms. Beth Walton, a Forest Archaeologist, concluded on December 2, 1992, that the road use in question would "have 'No Effect' on any listed or eligible cultural resources." Ms. Walton noted that, in reaching that conclusion, she had "considered all the available data including prior inventory reports . . .," a prior ethnographic study, and the "Enola Hill Project Area Cultural Resources" report. In accordance with a 1982 amendment to a Memorandum of Agreement with the Oregon State Historical Preservation Officer (SHPO), Walton subsequently sent a "Forest Service Determination of Effect" concerning the road use permit to the SHPO. That document stated that the road use permit would have no effect on "any listed or eligible cultural resources."

On December 17, 1992, the SHPO returned the "Determination of Effect" form to the Forest Service with a notation stating that the Forest Service "did not consider or survey project areas related to road access—report does not meet SHPO standards." The Forest Service responded in a letter dated January 27, 1993. That letter informed the SHPO that the Forest Service had "made a reasonable and good faith effort to identify properties which may be eligible to the National Register of Historic Places in the area of potential effect for [the road use permit in question]." The letter added that the Forest Service had "found only the Barlow Road Historic District within the area of the project's potential effect," and that the permit to use existing roads "will have no effect on the qualities which qualify the District for the National Register."

In this action, plaintiffs challenge the Forest Service's decision to issue the road use permit. Plaintiffs contend that the permit was issued without providing the SHPO and the Advisory Council on Historic Preservation (Council) an opportunity to comment, and without considering and documenting the "effect on Enola Hill cultural property of the road use and resulting activities." They seek an order declaring that the Forest Service has violated the National Historic Preservation Act (NHPA), declaring the permit invalid, and requiring the Forest Service to "prevent the private landowner from accessing or using the right-of-way" until the Forest Service has complied with NHPA "substantive and procedural requirements."

### STANDARD OF REVIEW

The parties agree that the issuance of the road permit is reviewable under the Administrative Procedure Act (APA), 5 U.S.C. §§ 704–706. The Forest Service contends that the decision should be evaluated under § 706(2)(A), which provides that the reviewing court shall set aside an agency action, found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Plaintiffs assert that issuance of the permit must be reviewed under the "otherwise not in accordance with law" provision of § 706(2)(A), and under § 706(2)(D), which provides for setting aside agency actions found to be "without observance of procedure required by law."

At a hearing held earlier to consider plaintiffs' motion for a preliminary injunction, I indicated that the ultimate question was whether the Forest Service's decision to issue the road permit was arbitrary and capricious. I also noted, however, that the court was required to determine whether appropriate procedures had been followed. I now conclude that it is appropriate, under the circumstances of this action, to determine both whether issuance of the permit was arbitrary and capricious, and whether, in deciding to issue the permit, the Forest Service followed procedures required by law.

Courts review agency action under the arbitrary and capricious standard "based on the record the agency presents to the reviewing court." *Florida Power & Light Co. v. Lorion,* 470 U.S. 729, 744, 105 S.Ct. 1598, 1607, 84 L.Ed.2d 643 (1985). Under this standard, courts do not subject the agency decision to *de novo* review. Instead, courts "must consider whether the decision was based on a consideration of the relevant

factors and whether there has been a clear error of judgment." *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 823–24, 28 L.Ed.2d 136 (1971). When an agency decision is based upon expert opinion, the agency has discretion to rely on the reasonable opinions of its own qualified experts, even if the court might otherwise find different views more persuasive. *Marsh v. Oregon Natural Resources Council,* 490 U.S. 360, 378, 109 S.Ct. 1851, 1861, 104 L.Ed.2d 377 (1989). A plaintiff challenging an agency decision on procedural grounds bears the burden of establishing that certain procedures were required under the circumstances, and that those procedures have not been followed. *Thomas v. Peterson,* 753 F.2d 754, 765 (9th Cir.1985).

### DISCUSSION

■ Disposition of the parties' cross motions for summary judgment turns on whether the Forest Service complied with its responsibilities under Section 106 of the NHPA, 16 U.S.C. § 470f, and the regulations promulgated pursuant to that section, 36 C.F.R. Part 800. Under 16 U.S.C. § 470f, the Forest Service is required to "take into account the effect of [an] undertaking on any district, site, building, structure, or object that is included in or eligible for inclusion in the National Register." In identifying historic properties, the Forest Service is required to follow the procedures specified in 36 C.F.R. § 800.4. That regulation requires the Forest Service, in consultation with the SHPO, to "make a reasonable and good faith effort to identify historic properties that may be affected by the undertaking and gather sufficient information to evaluate the eligibility of these properties for the National Register." 36 C.F.R. § 800.4(b). If no historic properties are found, the agency is required only to "provide documentation of this finding to the [SHPO]." 36 C.F.R. § 800.4(d). In that event, the agency is "not required to take further steps in the section 106 process."

The Forest Service contends that it is entitled to summary judgment because there are no material issues of fact, and because the facts establish its compliance with these requirements. I agree. As a result of an earlier dispute arising from its proposal to sell timber on Enola Hill, the Forest Service has searched diligently for historic properties in the Enola Hill area. Several field inventories seeking sites traditionally used by Native Americans were conducted by qualified cultural resource technicians and specialists. Significant inventories conducted in 1983, 1988, 1990, and 1992 revealed no physical evidence of sites of traditional cultural value. Existing historical data concerning Enola Hill has been reviewed and reconsidered on several occasions. In addition, the Forest Service sought comments and observations from interested citizens. The Forest Service ultimately assembled a committee comprised of archaeologists, an American Indian Liaison, a Cultural Resource Technician, and attorneys to determine whether historic properties exist on Enola Hill. The Committee found "no traditional cultural properties" in the Enola Hill area.

These efforts, amply documented in the record, satisfied the Forest Service's obligation to make a good faith attempt to locate historic property under 36 C.F.R. § 800.4(b). The Forest Service and the SHPO concluded a Memorandum of Agreement in 1989. Under the Agreement, where cultural resources are not found as a result of a survey, the Forest Service is required only to annually provide the SHPO data on areas surveyed. I conclude that this process, and the Forest Service's numerous communications with the SHPO concerning Enola Hill, satisfy the "consultation" requirement set out in 36 C.F.R. § 800.4(b). I also conclude that the obligation to consult with SHPO in evaluating historical significance under 36 C.F.R. § 800.4(c) arises only where the search for historic properties under § 800.4(b) has disclosed the existence of such properties. Where, as here, it did not, the Forest Service is required only to provide the SHPO with documentation of that finding pursuant to 36 C.F.R. § 800.4(d), and is "not required to take further steps in the section 106 process."

Beth Walton, a Forest Archaeologist, considered relevant inquiries and studies in determining that no traditional cultural proper-

ties eligible for inclusion on the National Register would be affected by issuance of the road permit. That conclusion was not arbitrary and capricious, or contrary to law. Likewise, the Forest Service complied with applicable procedural requirements in reaching the decision to issue the permit.

Though my conclusion that the decision to issue the permit conformed to procedural requirements and was not arbitrary and capricious makes it unnecessary to reach this issue, I note that issuance of the permit was also supported by other statutory grounds. Under 16 U.S.C. § 3210(a) the Forest Service is required to "provide such access to nonfederally owned land within the boundaries of the National Forest System as the Secretary deems adequate to secure to the owner the reasonable use and enjoyment thereof...." The Ninth Circuit has held that that statute provides a private landowner "assured right of access to its land...." *Montana Wilderness Ass'n v. United States Forest Service,* 655 F.2d 951, 957 (1981), *cert. denied,* 455 U.S. 989, 102 S.Ct. 1612, 71 L.Ed.2d 848 (1982).

In the present action, a decision by the Forest Service to not issue the road use permit to Schoppert would have effectively denied the landowner "reasonable use and enjoyment" of land surrounded by the National Forest. I conclude that a refusal of the Forest Service to issue the permit would have been, under the circumstances of this action, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

## CONCLUSION

I DENY plaintiffs' motion for summary judgment (# 65), and GRANT defendant's motion for summary judgment (# 56).